IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

VANESSA MCTIGRIT                                                                            PLAINTIFF

v.                                         5:05CV00184-WRW

GENERAL MOTORS ACCEPTANCE CORPORATION                           DEFENDANT

**ORDER**

Pending is Defendant's Petition for Attorneys' Fees and Costs (Doc. No. 21). Plaintiff has responded (Doc. No. 24). Defendant's motion is DENIED.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." This provision creates a presumption that the prevailing party is entitled to costs.[1] "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party."[2] A district court has discretion to refuse to tax costs in favor of the prevailing party.[3]

The facts as revealed by the pleadings, including the very basis for Plaintiff's cause of action, suggest that Ms. McTigrit is of modest means. It is equally clear that Defendant GMAC is a large corporation with abundant resources. "[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sort of

---

[1] *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998).

[2] *Id.*

[3] *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989).

Damocles . . . ."[4]  An award of costs and attorneys' fees in this instance would be punitive and, in my view, inappropriate.  Accordingly, Defendant's motion is denied.

IT IS SO ORDERED this 14th day of August, 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D. N.Y. 1971).